## CANFIELD *against* MONGER AND ADAMS.

IN ERROR, on *certiorari* to a justice's court.

*Monger & Adams,* the plaintiffs below, declared against *Canfield,* in trover, for a note drawn by *Benjamin Williams,* payable to the plaintiffs, on which there was due about 18 dollars; also a count for money had and received, and also for goods sold. From the evidence, it appeared, that the note was put into the hands of *John E. Canfield,* to collect and apply towards the payment of a note which *John E. Canfield* held against the plaintiffs; and on which note the defendant below, as endorsee, had, the day before, commenced a suit against the plaintiffs. The defendant below acknowledged that he had had the note in question, which had been paid to him. The plaintiffs below demanded the note, which he refused to deliver, and also required to have credit given on their note, which he also refused; and it appeared that no endorsement was made on the plaintiffs' note of any money received of *Williams.* What was further done in that suit, does not appear. In this suit, the justice gave judgment for the plaintiffs.

Trover will not lie for a note payable to the plaintiff, which has been delivered to A. to collect, and apply the amount received thereon, to the payment of a note which he held against the plaintiff. Matter which would have been a defence to a former action, cannot after-wards be made the subject of a suit.

*Per Curiam.* Whether the money counts could be joined with a count in trover, is not a question before us; no objection having been made in the court below, it is, therefore, to be taken as admitted by consent. The proof, however, did not

support the count in trover; there was no conversion: the note was delivered to *John E. Canfield* to collect, and apply the money towards the payment of a note which he held against the plaintiffs below; and, from the confession of the defendant, it appeared that he had received the money, and that the note was discharged, and, probably, was given up to *Williams*, the drawer; at any rate, there was no evidence that it was in the defendant's possession, when demanded, and if paid off by *Williams*, it ought to have been delivered up to him. There was, therefore, no conversion, as the note had been disposed of according to the directions to *John E. Canfield;* nor was the count for money had and received supported. If the defendant below acted as the agent of *John E. Canfield,* he was accountable to him, and did not receive the money for the use of the plaintiffs. But admitting the defendant to be accountable to the plaintiffs for the money, it was matter of defence upon the suit on the plaintiffs' note, which, it appears, was commenced before the present action. It ought to have been set off in that action, if the defendant was at all responsible for the money to the plaintiffs below. The judgment must, accordingly, be reversed.

<div align="right">Judgment reversed.</div>