EDWARDS and others, adm'rs, &c. *vs.* STEWART.

In an action for medical services and attendance of the plaintiffs' intestate, upon the defendant, the record of a judgment recovered by the defendant in a former suit brought by him against the intestate, for negligence and unskillfulness in his treatment of the defendant, is competent evidence, and conclusive against the plaintiffs, upon the question of negligence.

APPEAL from a judgment of the Onondaga county court, affirming that of a justice of the peace in favor of the plaintiff. The action was for medical services and attendance of the plaintiffs' intestate upon the defendant, for a broken leg. The defendant set up as a defense to the action, the recovery of a judgment in the supreme court, by himself, against the intestate, in an action for negligence and unskillfulness in his treatment of the defendant. After evidence on the part of the plaintiff of the services, and their value, the defendant offered an exemplified copy of the judgment roll, in evidence, to sustain his defense. This was objected to, on the ground that from inspection the record referred to did not show that the subject matters in issue here were passed upon by said court, and the objection was sustained. The defendant then gave evidence that the same injury, and the treatment by the intestate, which constituted this cause of action, were the subject of inquiry in the action in the supreme court. The jury rendered a verdict for the plaintiff, and from the judgment of the county court affirming that of the justice, the defendant appealed to this court.

*P. Outwater, Jun.* for the plaintiff.

*J. R. Anderson,* for the defendants.

*By the Court,* W. F. ALLEN, J. The record of the recovery in the action by the present defendant against the plaintiffs' intestate for want of care and skill in the performance of the services for which this action was brought, was excluded, for the reason that the record alone did not show that the services were the same in both actions. In this I think the justice erred.

The record showed that the recovery was in an action for mal-treatment of a leg, broken below the knee, on the 9th of October, 1850. This action was for services in the treatment of a leg broken on the same day, and in the same place. There could be no doubt that the injury was the same, and the attendance, treatment and services the same. Had the complaint in this court been general, it might have required some evidence to identify the cause of action and show it identical with the cause of action in this suit. The plaintiffs rested their objection upon this ground, and as this was not well taken, if the evidence was competent for any purpose, the judgment should be reversed. It was urged upon the argument that the recovery was insisted upon in the answer, first, as an estoppel; and secondly, as a bar to the right of the plaintiff in this action; and that it was not either an estoppel or a bar, and therefore the record was properly excluded. But, first, the objection was not based upon the form of the pleadings; and secondly, the defendant alleges in his answer that the services of the intestate were so negligently and unskillfully performed that they were worth nothing, and were of no benefit to him; and if the record was any evidence of the negligence or unskillfulness of the intestate, it should have been admitted.

The only question, therefore, is upon the competency of the record as evidence in the action. The rule is, that "the judgment of a court of concurrent jurisdiction, directly on the point, is, as a plea, a bar, and as evidence, conclusive between the same parties, upon the same matter directly in question in another court." (*Le Guen* v. *Gouverneur*, 1 *John. Cas.* 492.) It is too plain for argument that both actions in this case cannot be sustained; that if the defendant was entitled to maintain the action brought in this court to recover compensation for damages sustained by reason of unskillful and negligent treatment, the plaintiffs are not entitled to recover in this action for the same services. When a party undertakes a work of skill and labor and performs it so unskillfully that his employer derives no benefit from the work, he is not entitled to recover any thing, for his labor. This is an elementary principle; and if the

Edwards v. Stewart.

employer not only derived no benefit from the services, but sustained a positive injury, entitling him to compensation for damages, the case is still stronger against the laborer or professional man. The matters in issue in the two actions were the same. The issue in both is upon the character and value of the services rendered by the plaintiffs' intestate in the treatment of the defendant's fractured limb. In the action brought by the patient, evidence that the treatment by the physician was skillful, proper and careful, would have defeated the action. So in this action, evidence of negligence and unskillful treatment, to an extent rendering the services valueless, would protect the defendant from a recovery. In the first action, the plaintiff, to entitle himself to a recovery, was bound to show the services worse than valueless; to have been positively injurious; in the latter action the plaintiff must show the services to have been valuable. The same evidence was not only competent but controlling in the two actions, and facts which would sustain one action would defeat the other. It follows, then, that the judgment of the court in the first action is, as matter of evidence in this action between the same parties, conclusive upon the matters litigated in the former action. The objects of the action are different, but by way of evidence the former judgment is conclusive upon the fact that the services of the plaintiffs' intestate in his attendance upon and treatment of the defendant, were unskillfully and negligently performed and were of no value to the defendant; that being the matter directly in issue in that suit. (*Hopkins* v. *Lee*, 6 *Wheat.* 109. *Cowen & Hill's Notes*, 826, *note* 587.) The evidence necessary to sustain this action would have constituted a proper ground of defense to the action brought by the defendant, and hence the judgment in that action is conclusive against the right of the plaintiff here. (*Marriot* v. *Hampton*, 7 *T. R.* 265. *Le Guen* v. *Gouverneur*, 1 *John. Cas.* 436. *Cowen & Hill's Notes*, 828, *note* 588.) The principle has been frequently applied to cases analogous to this, as in *Jones* v. *Scriven*, (8 *John.* 453,) in an action for deceit in the sale of personal property, it was held that a judgment in a former action brought upon a note given upon the purchase, in

which the purchaser set up the deceit as a defense, which was passed upon by the justice, and judgment rendered for the amount of the note, was a bar to the action for deceit. The rule is the same if the matter would have been a defense to the former action, although it was not given in evidence, or although it may have been offered and erroneously rejected. (*Canfield* v.,*Monger*, 12 *John.* 347. *Grant* v. *Button*, 14 *Id.* 377. *See also Bouchaud* v. *Dias*, 3 *Denio*, 238 ; *White* v. *Ward*, 9 *John.* 232.)

The record of the former recovery was erroneously excluded. It was competent evidence, and conclusive against the plaintiffs, upon the question of negligence. The judgment of the county court, and of the justice, must be reversed.

[ONEIDA GENERAL TERM, January 3. 1853. *W. F. Allen, Hubbard* and *Pratt*, Justices.]