H. M. BARNUM, RESPONDENT, *v.* NICHOLAS REYNOLDS, L. V. H. HOWELL AND WILLIAM FORD, APPELLANTS.

FORMER RECOVERY.—When a complaint embraces several causes of action, the plaintiff, in a second suit, may show that he "offered" no evidence as to one or more of those causes of action, and that the cause went to the jury upon a different part of his claim from that for which the second suit is brought, in which case, the judgment in the first will be no bar to the second.

IDEM.—But when he *attempts* to give evidence as to all the causes of action, and submits the question to the jury, and he fails as to a part for the want of sufficient proof, the defendant may insist upon the judgment as a bar.

IDEM.— When the point in issue in the former suit was one of *title*, and it is not pretended that the plaintiff has now any other or better *title* than he had when the first action was tried, he is estopped from litigating that question in the second action.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

On the 26th of April, 1867, the appellants brought an action against respondent *and another*, to recover possession of "twenty-one hundred sacks of potatoes," and alleged that such potatoes, on the first day of the same month, at the County of Mendocino, came unlawfully into the possession of the defendants in that action, and were unjustly detained by them, and they filed with the Sheriff an undertaking and affidavit, with an endorsement thereon, directing him (the Sheriff) to take possession of said potatoes, and deliver the same to them, the plaintiffs therein. The Sheriff took possession of one thousand four hundred and thirty-five sacks of these potatoes on the 14th of May, 1867, and on the 16th of May, 1867, he re-delivered them to *Michael Nelson*, one of the defendants in that action, from whose possession he had taken them. But subsequently, he (the Sheriff) seized another lot of two hundred and ten sacks, and delivered them to the plaintiffs in that action.

On the 4th of June, 1867, Barnum, *one* of the defendants in that action, and *sole* plaintiff in this, filed his answer therein, denying that the plaintiffs were the owners, or entitled to the possession of said potatoes, alleging that he was the owner of them, and setting up the facts that they had been taken from his (Barnum's) possession *by the Sheriff*, *under said order of the plaintiffs in that action*, and prayed that they should be returned to him.

That action was tried on the 7th of August, 1867, resulting in a general verdict in favor of the defendant, Barnum, therein (and the plaintiff herein); upon which a judgment was entered in his (Barnum's) favor. But as it appeared by the Sheriff's return above referred to, that the first item of one thousand four hundred and thirty-five sacks had already been re-delivered *by the Sheriff*, to *one* of the defendants in that action, the jury, under instructions of the Court, only

took the second lot—viz : the two hundred and ten sacks — into consideration in assessing damages, and the defendant, Barnum, had judgment for the return of *only that quantity.*

On the 5th of September, 1867, this action was commenced by H. M. Barnum, *one of the defendants* in the action above mentioned, to recover the sum of $2,887 90 damages, for an alleged conversion, by defendants, of one thousand four hundred and thirty-five sacks of potatoes, on the *seventeenth* day of May, 1867,

*E. Cook,* for Appellant :

Cited *Smith* v. *Whiting* (11 Mass. 445); *Haugh* v. *Watson* (30 Cal. 310); *La Guen* v. *Gouverneur* (1 Johns. Cases, 436); *Ayres* v. *Bensley* (32 Cal. 623); *People* v. *Skidmore* (27 Cal. 257); *People* v. *Central Pac. R. R. Co.* (27 Cal. 655); *Carpentier* v. *Schmidt* (26 Cal. 479.)

*Keeny & Churchill,* for Respondent, relied on the following authorities :

*Vance* v. *Olinger* (27 Cal. 359); *Hardenbergh* v. *Bacon* (33 Cal. 387); *McDougall* v. *Maguire* (35 Cal. 274); *Schmederback* v. *North* (8 Abb. 37); *Bates* v. *Sierra Nevada Lake Co.* (18 Cal. 171); *Earl* v. *Bull* (15 Cal. 425); *Hobbs* v. *Duff* (23 Cal. 537); *Bernal* v. *Gleim* (33 Cal. 668); Van Santvoord's Pleadings (568.)

CROCKETT, J., delivered the opinion of the Court :

The former judgment, relied upon by the defendants, was, in our opinion, a bar to this action. The pleadings in the first action, directly put in issue the title of the plaintiff to the potatoes now in controversy ; and the present plaintiff offered evidence of his title on the trial of that action. The Court excluded the evidence on the ground that the present plaintiff (then defendant) could not go behind the Sheriff's return on the writ, which was to the effect, that after seizing the potatoes, he had returned them to the master of the vessel from whom he took them. The Court held the return to be conclusive of the fact, that the present plaintiff had not

been deprived of the possession of the potatoes, and therefore excluded, as immaterial, the proof which he offered of his title. On the trial of the present action, these facts appeared; and the question for decision is, whether the offer of the proof of title, by the present plaintiff, on the former trial, and its exclusion by the Court, avoids the bar of the former judgment. We are satisfied it does not. The question of title was fully and fairly within the issues to be tried in the first action. The present plaintiff has no other or better cause of action now than he had then. He offered his proof of title, which was excluded by the Court. If the Court ruled correctly, in holding that the Sheriff's return concluded the plaintiff, the same principle would govern the last trial. If he was concluded by the return in the first action, he is equally concluded in this. On the other hand, if the Court erred in holding the return to be conclusive, the remedy was by exception and appeal, or by withdrawing so much of the plaintiff's pleading as was applicable to the potatoes in question. In this manner, he might have preserved his rights, and have either reversed the judgment for error in the first alternative, or in the latter case have prosecuted a new action. If the Sheriff's return was false, and concluded the plaintiff, the remedy was by an action against the Sheriff, and his sureties on his official bond, for a false return. The rule in this class of cases is well stated by Chief Justice Parker, in *Smith* v. *Whiting* (11 Mass. 446), in which he says: "It is apparent from the pleadings, that this very demand has been once tried and determined, and although the Court may have decided wrong in rejecting the evidence in the former suit, yet this is not the way to remedy the misfortune. Exceptions might have been filed to the opinion of the Judge, or a new trial might have been had on petition; or, if there was a defect of evidence, without any negligence, a continuance of the cause might have been had. But the plaintiff suffered the cause to go on to trial without striking out the count to which the demand was applicable, which he might have done, and permitted a general verdict to be returned. We must presume that this very matter has been

tried, and it is never permitted to overhaul the judgment of a Court having jurisdiction, by another action.  \* \* \* In the case at bar, the very evidence now relied on *was* offered, and an adjudication had upon it. A re-hearing of the same action may be proper, but to maintain a new action would be to throw all judgments into uncertainty and confusion." In that case, the defendant set up a former judgment in bar. The plaintiff's replication admitted that the pleadings in the former action embraced the demand in contest, and that he had offered proof in support of it, but averred that the Court excluded the proof, and that "no evidence on that particular was given to the jury," and that the judgment was exclusively on account of other promises than the promise now sued upon. This replication was demurred to, and the demurrer was sustained, for the reasons stated by the Chief Justice, in the extract above quoted. This is a decision, by a Court of very high authority, directly on the question at issue in this case; and we are not aware that it has been impugned in any subsequent case. On the contrary, the same principle, in substance, has been decided in *Canfield* v. *Monger* (12 John. 347); *Wheeler* v. *Van Houten* (*Id.* 311); *Battey* v. *Button* (13 *Id.* 187); *Grant* v. *Button,* (14 *Id.* 377); *Gray* v. *Dougherty* (25 Cal. 266.)

In *La Guen* v. *Gouverneur* (1 Johns. Cases, 436), it is held that the judgment or decree of a Court of competent jurisdiction is not only final as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided, under the pleadings. This ruling is approved in *Bruen* v. *Hone* (2 Barb. 596); *Southgate* v. *Montgomery* (1 Paige, Ch. R. 47); *Simson* v. *Hart* (14 John. 77, and the same case in 1 John. Ch. R. 97.) This is, perhaps, stating the proposition a little too broadly. It is more correctly stated by Chancellor Walworth, in *Miller* v. *Manice* (6 Hill, 121), in which he says that where a general declaration embraces several causes of action, the plaintiff, in a second suit, may show that he "offered" no evidence as to one or more of those causes of action, and that the cause went to the jury upon a different part of his claim from that for which the second suit is brought, in which case the judg-

ment in the first will be no bar to the second. " But where he. *attempts* to give evidence as to all the causes of action, and submits the question to the jury, *without withdrawing any part of his claim,* and he fails as to the whole or a part for want of sufficient proof, the defendant may insist upon the first judgment as a bar."

These authorities appear to us to establish, conclusively, that by offering testimony in support of his title to the potatoes in controversy, on the trial of the first action, and allowing the cause to go to the jury without amending his pleadings, the plaintiff is concluded by the judgment in that action. If the Court erred in its ruling, the remedy was by exception and appeal; and if the plaintiff had not sufficient confidence in his position to hazard his case on an appeal, his proper course was to amend his pleading, and withdraw that portion of his claim from the jury. But having submitted to the ruling of the Court, and, nevertheless, permitted his pleading to stand, he is bound by the judgment.

It is claimed, however, on behalf of the plaintiff, that the taking and conversion of the property for which this action is brought, occurred *after* the potatoes were returned by the Sheriff; and that therefore it is a new and different cause of action from that which was involved in the former suit. The answer to this proposition is, that the point in issue in the former action was, whether the potatoes belonged to the plaintiff or defendants. The main issue between them was one of *title;* and it is not pretended that the plaintiff has now any other or better *title* than he had when the first action was tried. If there was anything adjudicated in that action in respect to these potatoes, it was on the question of *title* between the parties, and as the title now set up by the plaintiff is the same which he then had, he is estopped from again litigating that question in a new action, for the reasons already stated.

In our opinion, the judgment ought to be reversed and a new trial granted, and it is so ordered.

Mr. Justice SPRAGUE delivered no opinion.