John D. Bennett, S.
In this accounting proceeding the guardian of the decedent’s children has interposed the following four objections:
1. That a bank account of the decedent in the Federation Bank & Trust Co. under account No. 023-654515 was not included as an asset of the estate.
2. That the claim of the estate to the proceeds of certain insurance policies is not valid.
3. That the administratrix has not properly accounted for and has “breached her fiduciary duty” in respect to real property owned by the decedent at the time of his death.
4. That the attorneys’ fees for administration and accounting are unreasonable.
Objections 1, 3 and 4 cannot be decided upon the facts submitted to the court and, as the parties request, 1 ‘ without the submission of any oral testimony on behalf of the Objectant to this accounting” (see stipulation of Jan. 5, 1966, p. 2). The objections require the development of facts by proper discovery and disclosure proceedings, including an examination of the administratrix pursuant to section 263 of the Surrogate’s Court Act. Upon the completion of same, either party may move for a hearing on said objections.
As to objection 2, one of the insurance carriers commenced an interpleader action in the Supreme Court and later successfully moved to have said action transferred to this court for determination.
The decedent purchased two insurance policies from the Connecticut Mutual Life Insurance Company under policy Nos. 1,763,681 and 1,523,910. As to the first, he named his wife beneficiary if she survived him, otherwise in equal shares to his surviving children. As to the second, he entered into two trust settlement agreements with the insurer wherein one half of the proceeds was to be distributed to his wife as the first beneficiary, and his son Kenneth Kaplan as the second beneficiary, and as to the other one half his wife was named first *337 beneficiary and another son, Michael Kaplan, was the second beneficiary. One of the trust agreements further provides “ (u)pon October 4, 1969 or upon the death of said Second Beneficiary, whichever shall be first, or upon said effective date if subsequent thereto, the Company shall pay to said Second Beneficiary, if then living, otherwise to said First Beneficiary, if then living, any amount remaining in the fund.” The other trust agreement has the same provision except the date set forth therein is November 18, 1966.
The decedent died on February 23,1964 as a result of injuries inflicted by his wife for which she was convicted of first degree manslaughter. As a result of said conviction, the decedent’s widow is barred from receiving the proceeds of the policies (Riggs v. Palmer, 115 N. Y. 506; Matter of Sparks, 172 Misc. 642).
The question, therefore, is whether the decedent’s estate is entitled to the proceeds of the insurance policy or whether the secondary beneficiaries are entitled to same.
Some authorities have devised the theory that the decedent’s estate should be entitled to the proceeds either on a constructive trust theory or because of their refusal to indulge in the use of the legal presumption that the decedent outlives his killer (4 Scott, Trusts [2d ed.], § 494.1). However, there is ample authority in other jurisdictions that the court will presume that the killer predeceased the decedent especially where there is evidence to indicate the intent of the decedent (Beck v. West Coast Life Ins. Co., 38 Cal. 2d 643; Ann. 26 ALR. 2d 987; 4 Scott, Trusts, supra, p. 3212; see, also, Matter of Sparks, supra).
Here the decedent provided for secondary beneficiaries in case the first beneficiary was not living in one of the policies and as to the other, he entered into agreements with the insurer whereby he specifically provided that as of a certain date the secondary beneficiaries were to receive the balance of the trust fund. The latter provisions clearly manifested an intention on the part of the decedent that he intended his secondary beneficiaries to eventually share in the proceeds of the policies.
Accordingly, the rights of the parties hereto should be determined as if the first beneficiary had died prior to the death of the insured. The secondary beneficiaries are entitled to the proceeds of the insurance policies.
The interpleading insurance carrier requests that they receive out of the proceeds of the afore-mentioned policies the sum of $1,361.37 for their legal expenses and disbursements in bringing this interpleader action.
*338 The relief sought for is authorized by CPLR. 1006 (subd. [f]) (see Bisgeier v. Prudential Ins. Co., 2 Misc 2d 857; Metropolitan Life Ins. Co. v. Brody, 35 Misc 2d 384; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1006.14). The court has carefully reviewed the services rendered by the attorneys for the carrier and awards to the stakeholder $1,361.37 for all of its expenses and disbursements to be paid out of the proceeds of the insurance policies.