0163

Debbie D. LEWIS, individually, and as Administratix of the Estate of Erma Jean Lewis, Respondent, v. Robert Lee LEWIS, Robert Lee Lewis, Jr., a minor under the age of fourteen (14), and Latoya Lewis, a minor under the age of fourteen (14), Defendants, of whom Robert Lee Lewis, Sr., is also a Respondent, and Latoya Lewis and Robert Lee Lewis, Jr., minors under the age of fourteen (14) years, are Appellants. Appeal of Latoya LEWIS and Robert Lee Lewis, Jr., minors under the age of fourteen (14) years.

(315 S. E. (2d) 816)

Court of Appeals

*Stanley H. Kohn*, Columbia, *John P. Williams, Jr.*, of *Hooks & Williams*, Mullins, *for appellants.*

*Edward W. Whittington*, Mullins, *for respondents.*

Submitted March 22, 1984.

Decided April 30, 1984.

SANDERS, Chief Judge.

This is an appeal from a declaratory judgment of the circuit court ruling that respondent Debbie D. Lewis, as contingent beneficiary under a life insurance policy, is entitled to the benefits of the policy to the exclusion of appellants, Latoya Lewis and Robert Lewis, Jr., who are heirs of the deceased. We affirm.

Code section 21-1-50 of the 1976 Code of Laws of South Carolina prohibits a person convicted of willfully killing another person from receiving any benefit from the death of the person unlawfully killed. The Code section goes on to provide, "The interest which would otherwise devolve upon the person excluded from receiving any benefit by the terms of this section shall vest in and become the property of the estate of the person unlawfully killed."

Erma Jean Lewis died intestate survived by her husband, Robert Lee Lewis, Sr., and her children, Debbie Lewis, Latoya Lewis and Robert Lee Lewis, Jr. At the time of her death, the life of Erma Jean Lewis was insured by a policy of insurance

naming her husband, Robert Lee Lewis, Sr., as primary bene-
ficiary, and her daughter, Debbie Lewis, as contingent benefi-
ciary. Robert Lee Lewis, Sr., shot and killed Erma Jean Lewis,
He pleaded guilty to voluntary manslaughter and admits he is
prohibited by Code section 21-1-50 from collecting the policy
benefits.

The single question presented on appeal is whether, when a
person is named as primary beneficiary in a life insurance
policy but excluded from receiving policy benefits by Code
section 21-1-50, the statute requires the benefits go to the
estate of the deceased instead of to a contingent beneficiary
also named in the policy.

Counsel for Latoya Lewis and Robert Lee Lewis, Jr., argue
the "plain meaning rule" of statutory construction requires
that this Code section be applied so as to give the policy
benefits to the estate of Erma Jean Lewis over Debbie Lewis
as the contingent beneficiary name by the policy. In general
support of this rule, they cite *Worthington v. Belcher*, 274 S. C.
366, 264 S. E. (2d) 148 (1980) and *Hartford Accident and
Indemnity Company v. Lindsay*, 273 S. C. 79, 254 S. E. (2d) 301
(1979). They further argue this result is compelled by the
principle that contracts embody in their terms the law of the
state which operates here to incorporate Code section 21-1-50
into the policy and makes the designation of a contingent
beneficiary null. In general support of this principle, they cite
*Ayers v. Crowley*, 205 S. C. 51, 30 S. E. (2d) 785 (1944) and
*Inabinet v. Royal Exchange Assur. of London*, 165 S. C. 33, 162
S. E. 599 (1932). Finally, they rely specifically on a Wyoming
case which follows this line of reasoning. *Dowdell v. Bell*, 477
P. (2d) 170 (Wyo. 1970).

We find no South Carolina cases which have specifically
addressed this question. However, the weight of authority in
other jurisdictions is decidedly in support of the result
reached by the circuit court. *See, e.g., Brooks v. Thompson*, 521
S. W. (2d) 563 (Tenn. 1975); *Deveroex v. Nelson*, 529 S. W. (2d)
510 (Tex. 1975); *Beck v. West Coast Life Ins. Co.*, 38 Cal. (2d)
643, 241 P. (2d) 544 (1952); *Metropolitan Life Ins. Co. v.
McDavid*, 39 F. Supp. 228 (E. D. Mich. 1941); cases collected in
Annot. 27 A. L. R. (3d) 794 § 17 (1969).

The reasoning of these cases is that the legislature did not
intend to cause a forfeiture of the rights of an innocent

contingent beneficiary, and a policy provision naming a contingent beneficiary should prevail even in the face of a statute which, by a strict application of its terms, would appear to provide a forfeiture.

We find these cases persuasive and adopt their reasoning. Accordingly, the judgment of the circuit court is

Affirmed.

SHAW and BELL, JJ., concur.