**Ernest J. LEE, Jr., et al., Respondents,**

v.

**James P. AYLWARD, Jr., et al., Appellants.**

**No. 7237.**

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Donald G. Stubbs and Clifford M. Spottsville, Kansas City, for appellants.

Judith P. Rea and Frank Smith, III, Kansas City, for respondents.

BLACKMAR, Chief Justice.

Gary Lee was insured under a group policy written by Metropolitan Life Insurance Company. He named his wife Aubyn as primary beneficiary, and appellants Clarence Williamson, Emmannuel Williamson and Quentin Williams as contingent beneficiaries. Aubyn shot and killed Gary, after which she pleaded guilty to manslaughter. By reason of the ensuing conviction she is disabled from taking the proceeds.[1] The question is whether the proceeds are payable to the contingent beneficiaries, or to Gary's estate. The trial court held in favor of the estate, under authority of *Reliable Life Insurance Co. v. Spurgeon*, 763 S.W.2d 674 (Mo.App.1988). The court of appeals reversed. We granted transfer to resolve the apparent conflict in decisions. We likewise reverse, and remand with directions to enter judgment for the contingent beneficiaries.

The applicable contract provision reads as follows:

If any designated Beneficiary shall die before the Employe, the rights and interest of such Beneficiary shall thereupon automatically terminate. If, at the death of the Employe, there be no designated Beneficiary as to all or any part of the

---

1. *In re McCarty*, 762 S.W.2d 458 (Mo.App.1988); *Higgins v. McElwee*, 680 S.W.2d 335 (Mo.App. 1984); *Wells v. Harris*, 434 S.W.2d 783 (Mo.App. 1968). *See also Perry v. Strawbridge*, 209 Mo. 621, 108 S.W. 641 (1908).

Life Insurance payable, then the amount of Life Insurance payable for which there is no designated Beneficiary shall be payable to the estate of Employe.

In the "Employe's Designation of Beneficiary and Contingent Beneficiaries" form, the insured named Aubyn Lee as beneficiary, and also provided that "[i]n the event said beneficiary predeceases me, I designate as contingent beneficiaries: Emmannuel O. Williamson, Quentin R. Williams, and Clarence C. Williamson."

The beneficiaries of Gary's estate argue that, by the plain language of the provision, the contingent beneficiaries have no interest unless the named beneficiary predeceases the insured. They argue that the proceeds necessarily pass to the estate, because the only person who could claim to be a beneficiary has been disabled from taking by operation of law, and because of the expressed survivorship language.

The problem with this argument is that the law interdicts the performance of the contract in accordance with its "plain meaning." The courts, therefore, must determine how the problem they created is to be resolved. This is not an uncommon situation in the law of contracts. Courts have made use of concepts such as constructive trust, impossibility, frustration, and the like. These are but tools, which in and of themselves do not solve the basic problem.

We conclude that the insured has given a clear indication that he preferred the contingent beneficiaries to take, rather than his legatees or next of kin. He has designated the former as alternate takers, and has made no mention of those who would

take from his estate. The insured was interested in having alternate takers, and it may be doubted that this purpose was limited to cases in which the primary beneficiary did not survive him. We reach this conclusion even though some of the contingent beneficiaries are children of the slayer. Any thought that he would exclude them if he had realized that their mother would kill him introduces inappropriate speculation. We believe that it is better to have a rule of general application.

Counsel for the estate point to the "slayer statutes" in effect in several states, but not in Missouri. A provision in favor of the contingent beneficiaries is included in the Model Probate Code, but not in our statutes, although they borrow frequently from the Model Code. We do not consider this circumstance significant. All the omission does is to deny us legislative guidance, so as to require us to decide the issue according to the principles of common law.

Our conclusion is supported by the substantial weight of authority. Numerous cases hold for the contingent beneficiaries.[2] The next of kin's position is supported by only a few cases.[3] We do not give *Spurgeon* particular weight, even though it is a Missouri case. We were not asked to review it.

The law of property furnishes an analogy. Section 240, Restatement of Property, reads as follows:

When a remainder is subject to a condition precedent, the termination, before such condition precedent is fulfilled, of all prior interests created simultaneously

2. Cases from states not having "slayer" statutes are as follows: *Beck v. West Coast Life Ins.*, 38 Cal.2d 643, 241 P.2d 544 (1952); *Turner v. Prudential Ins.*, 60 N.J.Super. 175, 158 A.2d 441 (1960); *In re Kaplan's Estate*, 49 Misc.2d 335, 267 N.Y.S.2d 345 (N.Y.Sup.Ct.1966); *Neff v. Massachusetts Mutual Life Ins.*, 158 Ohio St. 45, 107 N.E.2d 100 (1952); *National Home Life Assurance v. Patterson*, 746 P.2d 696 (Okla.Ct.App. 1987); *Lewis v. Lewis*, 281 S.C. 388, 315 S.E.2d 816 (1984); *Brooks v. Thompson*, 521 S.W.2d 563 (Tenn.1975). Decisions by federal courts construing state law include *Patton v. Lee*, 394 F.Supp. 501 (D.C.Ky.1975); *Continental Bank v. Maag*, 285 F.2d 558 (10th Cir.1960) (applying Utah law); *United States v. Burns*, 103 F.Supp.

690 (D.C.Md.1952); *Metropolitan Life Ins. v. McDavid*, 39 F.Supp. 228 (D.C.Mich.1941); *Life Ins. Co. v. Cashatt*, 206 F.Supp. 410 (D.C.Va. 1962). *See also* Annotation, *Killing of Insured by Beneficiary as Affecting Life Insurance or its Proceeds*, 27 A.L.R.3d 794; J. Appleman, Insurance Law Practice § 482 (1981 & Supp.1989).

3. *Bullock v. Expressmen's Mut. Life Ins.*, 234 N.C. 254, 67 S.E.2d 71 (1951); *Crawford v. Coleman*, 726 S.W.2d 9 (Tex.1987). *Webb v. Voirol*, 773 F.2d 208 (8th Cir.1985); and *Life and Casualty Insurance Co. v. Martin*, 603 F.Supp. 281 (E.D.Mo.1985), are cases governed by Missouri law.

**464**

therewith, does not destroy the remainder.

The comment provides the following rationale:

> When A transfers Blackacre to B for life, remainder to those children of B who attain 21, A does not thereby manifest a concern as to whether the children of B attain their majority in the lifetime of B, or thereafter.

The judgment is reversed and the case is remanded with directions to enter judgment for the appellant contingent beneficiaries.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and PARRISH, Special Judge, concur.

BILLINGS, J., not sitting.