**PRIMERICA LIFE INSURANCE CO., Plaintiff,**

v.

**Lisa SUTER, et. al., Respondents,**

and

**Bruno Schmitter, as Personal Representative for the Estate of Alfred Suter, Appellant.**

No. 70587.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1997.

v.

**Robert SKAGGS, Defendant/Appellant.**

No. 69828.

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 14, 1997.

Application to Transfer Denied
June 17, 1997.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

Susan K. Roach, Chesterfield, for appellant.

Joel B. Eisenstein, Joseph J. Porzenski, St. Charles, for respondent.

GRIMM, Judge.

This is an interpleader action involving a life insurance policy. The insurance policy named wife as primary beneficiary and wife's father as contingent beneficiary.

Wife conspired to kill husband, the insured. A jury convicted her of first degree murder and the trial court sentenced her to life in prison. Prior to her conviction, however, wife waived her interest in the policy.

Wife's father and husband's estate each claimed the proceeds of the $200,000 policy. The trial court granted father's summary judgment motion and awarded the proceeds to him.

The estate appeals, raising two points. Basically, it contends the trial court erred in granting the summary judgment. *Lee v. Aylward,* 790 S.W.2d 462 (Mo.banc 1990) constrains us to deny estate's points and affirm.

## I. Background

Husband was born in Switzerland in 1955; his parents continue to live there. The record does not disclose when he came to the United States. He and wife were married in about 1989.

In 1989, husband purchased a life insurance policy. The policy named wife as primary beneficiary and wife's father as contingent beneficiary.

On October 2, 1990, husband applied for a $200,000 replacement policy. This policy named wife as primary beneficiary and wife's father as contingent beneficiary. The policy was issued on October 28, 1990.

Approximately a year later, on October 12, 1991, Daniel Johnson shot husband in the head, killing him. Johnson alleged that wife made arrangements with him to have him kill husband.

Wife was indicted for first degree murder for her complicity in causing husband's death. While that charge was pending, on March 30, 1992, wife executed a "Waiver and Release." Among other things, this document acknowledged that the policy existed, that wife was the primary beneficiary, and that her parents were "Alternate/Contingent beneficiaries."

The document said that "in consideration of the fact that [wife's parents] are the Contingent/Alternate beneficiaries of the Policy, as previously designated by the DECEASED, WIFE does hereby agree" to waive, release, acquit and forever discharge the insurance company from any claim she has against it as a result of husband's death.

In May, 1992, the insurance company filed a petition in the probate division seeking an order to require administration of husband's estate. Wife and her father sought dismissal, which the trial court granted. This court reversed. *Suter v. Dalton,* 856 S.W.2d 118, 119 (Mo.App. E.D.1993).

The criminal charge against wife was tried in February 1993. Following a guilty verdict, the trial court on May 10, 1993 sentenced wife to imprisonment for life without eligibility for probation or parole.

In early 1994, insurance company filed a petition for interpleader. The defendants were wife, wife's father, husband's parents, husband's estate's personal representative, and the public administrator. Further, the petition alleged that all defendants, except the public administrator, had made demand on the insurance company for the policy's proceeds.

On September 11, 1995, wife's father filed a summary judgment motion under Rule 74.04. Among other things, he alleged that wife was named primary beneficiary and he was named contingent beneficiary. Further, he alleged that the policy did not contain any definition of primary or contingent beneficiary. Also, he attached a copy of wife's waiver of claim to the proceeds. He contended that the decision in *Lee* was controlling and entitled him to the proceeds.

On October 12, 1995, the estate filed a motion under Rule 44.01(b) seeking an extension of time to file its response to the summary judgment motion. The motion alleged the estate needed additional time to do discovery and requested an extension until November 11, 1995.

On November 6, 1995, the estate filed its answer. On that same day, the trial court heard arguments on the motions and took them under advisement.

On February 5, 1996, the trial court issued its findings, conclusions, and judgment. It denied the estate's request for an extension of time because its motion did not comply with Rule 74.04(c)(2)'s requirements that an affidavit be filed describing (1) the additional discovery needed and (2) the efforts previously made to obtain the discovery. Also, the trial court granted wife's father's summary judgment motion and ordered the insurance proceeds paid to him.

## II. Contention of Material Issues in Dispute

In estate's first point, it claims the trial court erred in granting summary judgment in favor of wife's father. It contends "there are material issues of law and fact which are unresolved."

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). A summary judgment is proper when the movant demonstrates that there are no genuine disputes as to a material fact and that the

movant is entitled to judgment as a matter of law. *Id.* at 380.

In order to overcome a motion for summary judgment, the nonmovant, within thirty days of being served, is required to file a response demonstrating "the existence of a factual question that would permit a reasonable jury to return a verdict for the opposing party." *Martin v. City of Washington*, 848 S.W.2d 487, 492 (Mo.banc 1993). If the nonmovant does not respond to the motion for summary judgment within thirty days, the facts alleged by the movant are deemed true. Rule 74.04; *Jones v. Keller*, 850 S.W.2d 383, 383 (Mo.App. E.D.1993).

In the case before us, wife's father filed his summary judgment motion on September 11, 1995. The estate did not file a response within thirty days. Nor did the estate obtain an extension of time to file the response. Thus, the facts alleged by wife's father's motion are deemed true.

Moreover, although the trial court ruled the estate's response was untimely, it examined each of the contentions raised in the response. The trial court found that the contentions were not supported by the record, affidavit, or discovery, and that many of them were "mere speculation or possibility."

A party, such as the estate, when confronted by a properly supported summary judgment motion, "may not rest upon mere allegations in his or her pleadings." *Martin*, 848 S.W.2d at 492. Here, the estate has offered only "mere allegations." The trial court did not err in finding that there were no material issues in dispute. Point denied.

## III. *Lee v. Aylward*

In estate's second point, it contends that the trial court erred in ruling *Lee* was controlling. Instead, it contends *Reliable Life Insurance Co. v. Spurgeon*, 763 S.W.2d 674 (Mo.App. E.D.1988) is applicable.

In *Lee*, the husband was the insured and named his wife as primary beneficiary. Three individuals were named as contingent beneficiaries. *Lee*, 790 S.W.2d at 463. Wife killed husband and pleaded guilty to manslaughter. *Id.* at 462. The trial court awarded the insurance proceeds to the hus-

band's estate. *Id.* The supreme court reversed, and directed judgment for the contingent beneficiaries. *Id.*

In *Lee*, the court said that by naming contingent beneficiaries, the insured gave a clear indication that they should take rather than his estate. *Id.* at 463. The estate apparently argued that the contingent beneficiaries included "children of the slayer." The court responded that any "thought that he would exclude them if he had realized that their mother would kill him introduces inappropriate speculation. We believe that it is better to have a rule of general application." *Id.*

The facts before us, although similar to those in *Lee*, are also different. Here, the contingent beneficiary is wife's father. Although some may believe it is speculation, it is difficult to believe that if, when the policy was purchased, husband knew that his wife was going to conspire with a person to have him killed, that he would name either his wife or his wife's father as beneficiaries.

Wife can not benefit from her wrongdoing by inheriting property from him or otherwise participating in the benefits of his estate. *Wells v. Harris*, 414 S.W.2d 343, 345 (Mo. App.1967). Under that same theory, she can not recover the proceeds of the insurance policy. *Id.* at 346.

The facts in *Reliable Life Ins. Co. v. Spurgeon*, 763 S.W.2d 674 (Mo.App. E.D.1988) are virtually identical to those before us. There, the wife was the insured and the husband was the primary beneficiary. The husband's mother was the contingent beneficiary. The husband killed the wife. The trial court awarded the insurance proceeds to husband's mother.

This court construed the policy's language and determined that husband's mother's right to take as a contingent beneficiary did not mature. *Id.* at 676. Thus, we held that in the absence of a beneficiary, the proceeds went to the wife's estate. *Id.* at 677. Therefore, we reversed the trial court and awarded the proceeds to the wife's estate. *Id.*

The supreme court decided *Lee* approximately eighteen months after *Spurgeon*. In *Lee*, the supreme court said that it was "bet-ter to have a rule of general application" concerning this issue. *Lee*, 790 S.W.2d at 463. Although the court did not specifically overrule *Spurgeon*, it said that it "did not give *Spurgeon* particular weight." *Id.* As an intermediate appellate court, we are constrained to follow the latest decision of the supreme court. Therefore, this point is denied.

The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.