603 F.Supp. 281 (1985)
LIFE & CASUALTY INSURANCE CO., Plaintiff,
v.
Helen A. MARTIN, Georgia Webb, Sue Ann Martin, Larry A. Church, Shirley Schorege, Defendants.
No. 81-948C(B).
United States District Court, E.D. Missouri, E.D.
February 19, 1985.
*282 David Buchana, St. Louis, Mo., for plaintiff.
Gary Lange, St. Louis, Mo., for Sue Ann Martin.
Earl Blackwell, Hillsboro, Mo., for Larry Church.
Michael Aubuchon, St. Louis, Mo., for Georgia Webb.
Paul Passanate, St. Louis, Mo., for Helen Martin.

MEMORANDUM OPINION EMBODYING FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGAN, District Judge.
In this interpleader action tried to the Court, plaintiff paid into the registry of the Court the proceeds of two term life insurance policies issued by it on the life of Ronald A. Martin, and by consent of the parties has been discharged. The sole issue for determination is which claimants or claimant is entitled to the proceeds of the two policies. Missouri law governs.
The first policy (No. 78755612), issued on July 5, 1978, was in the amount of $100,000 with an accidental death benefit in an additional amount of $100,000. The "first" or primary named beneficiary was Helen A. Martin, wife of the insured. The "second" or contingent beneficiaries, as set forth on the application, were "children to share and share alike and survivors."
The second policy (No. 79846066), issued on June 11, 1979, was also in the amount of $100,000 with an accidental death benefit of an additional $100,000. The "first" or primary beneficiary as set forth on the application for said policy was also Helen A. Martin, the wife of the insured. The "second" or contingent beneficiary as it appears on the application was Georgia Webb.
Each policy contains the following provision relating to the beneficiary:
Beneficiary. The Beneficiary is as designated in the application for this policy unless otherwise provided by endorsement on the Date of Issue or unless subsequently changed as provided below. Unless otherwise stated, the relationship of the Beneficiary is the relationship to the Insured. At the death of the Insured, unless the Beneficiary designation otherwise provided, the proceeds shall be payable in equal shares to such of the designated Beneficiaries as may be living, or to the survivor, in the following order:

*283 (a) To the First Beneficiary or Beneficiaries.
(b) To the Second Beneficiary or Beneficiaries, if any, provided none of the First Beneficiaries are living at the death of the Insured.

On December 5, 1980, the insured, Ronald A. Martin, was murdered. Thereafter, on April 5, 1982, Helen A. Martin, the first beneficiary of each policy, was convicted by a jury of the capital murder of Ronald A. Martin and sentenced to imprisonment for life without eligibility for probation or parole until she served a minimum of 50 years of her sentence. The judgment of conviction was affirmed by the Missouri Court of Appeals on February 7, 1984.
In Missouri, capital murder is defined as follows:
Any person who unlawfully, willfully, knowingly, deliberately, and with premeditation kills or causes the killing of another human being is guilty of the offense of capital murder. Section 565.001 RSMo.
The judgment of conviction of Helen A. Martin of the capital murder of her husband, Ronald A. Martin, the insured in both policies, conclusively establishes for purposes of this case her disqualification to take as beneficiary of the insurance policies. See Bradley v. Bradley, 573 S.W.2d 378 (Mo.App.1978) and In re Estate of Laspy, 409 S.W.2d 725 (Mo.App.1966).
We reject the contention of Helen A. Martin that inasmuch as this is a civil case, the judgment of conviction is at most only prima facie evidence of the facts adjudicated in her prosecution for murder, so that she was entitled to present evidence that she did not intentionally and feloniously kill or cause to be killed her husband. She stresses the fact that she is a named defendant in this interpleader action. However, once the insurance company was discharged, Helen A. Martin and each of the other claimants became, for the purpose of prosecuting their respective claims, plaintiffs. Whatever the merits of the principle contended for by Helen A. Martin in "a civil proceeding brought against the convicted defendant to recover damages for acts previously determined to be unlawful by the criminal judgment ... this same rule does not and should not apply to a civil action brought by the convicted defendant for the purpose of profiting from (her) criminal conduct." In re Estate of Laspy, supra, at 733. Cf. LaRose v. Casey, 570 S.W.2d 746, 749-750 (Mo.App.1978), holding that where a party had been convicted of unlawfully hindering a police officer in the performance of his duties, her subsequent damage claims against the officers for false arrest and trespass were barred by collateral estoppel.
The public policy of Missouri (and other states) will not permit a murderer to profit from her own intentional and unjustified criminal conduct of which she was found guilty beyond a reasonable doubt. Accordingly, we hold that Helen A. Martin is disqualified from taking as the first beneficiary of the two insurance policies, and her claim to the proceeds thereof is denied.
We next consider whether the event which triggers the right of the second beneficiaries to take under the policies has occurred. As noted, supra, both policies provide that upon the death of the insured, the proceeds shall be payable to the designated beneficiaries, in the following order: (1) to the first beneficiary, and (2) to the second beneficiary or beneficiaries", provided none of the first beneficiaries are living at the death of the insured. Obviously, Helen A. Martin was at the death of her husband (and still is) very much alive. It is only because of her felonious conduct of which she was thereafter convicted, that the law has disqualified and prevented her from receiving the insurance proceeds in accordance with the terms of the policies.
We have been cited to no Missouri case involving comparable facts. There is a split of authority in other jurisdictions. In our judgment, Missouri would follow the minority view as expounded in the well-reasoned case of Beck v. Downey, 191 F.2d 150 (9 Cir.1951). In that case, the policies, comparably to those here in issue, provided *284 that the proceeds be paid to the husband (of the woman he killed) "if living; otherwise to (the husband's mother) as contingent beneficiary." After first holding that the husband, the murder beneficiary, was precluded by public policy from receiving the proceeds of the policies, the Court held that inasmuch as the contingency, which was a condition precedent to the right of the mother of the murdered to the proceeds, was that the husband be "not living" at the time of the insured's death, and such contingency never occurred, the contingent beneficiary was not entitled to the insurance proceeds.
Said the Court, 191 F.2d, at 152:
"The words `if living' must be interpreted in their ordinary common sense meaning, namely, that the insured intended the proceeds to go to her mother-in-law, if the beneficiary was not alive but was `dead and buried'. Had there been an intent to have the proceeds go to the contingent beneficiary in the event of any incapacity of the beneficiary, while alive, to take the proceeds, plain language to that effect could and certainly would have been used. We think the language of the policies was clear and unequivocal."
In case after case, the Missouri courts have held that unambiguous language in an insurance contract must be given its plain meaning, and there is no room for construction. We may not exercise inventive powers to create ambiguity when none exists. The only contingency upon which the second beneficiaries in both policies could be entitled to the proceeds is that Helen A. Martin be deceased at the time Ronald A. Martin died. Clearer language could not have been chosen to express that intent.
The cases allowing the contingent beneficiary to take purport to base their holding on the presumed intent of the insured, thus excising the language actually used. In our view, however, the insured's intent can only be that which was clearly expressed by the language employed in the insurance contract. The mere fact that the insured did not contemplate that his wife would murder him does not authorize us to speculate as to what he would have intended (immediately before his decease) in that unforeseen situation and to modify the insurance policies accordingly. Bearing in mind the right of Ronald A. Martin to change the beneficiaries originally named, we could not even speculate what his intention would have been, not merely when the policies were issued, but thereafter.[1] We have no such authority and decline to do so.
The result, as to both policies, is that the named second beneficiaries as such are not entitled to the insurance proceeds by reason of the disqualification of Helen A. Martin. The remaining question is what disposition should be made of the proceeds, when, as in this case the first named beneficiary is disqualified by law from taking and there is no second beneficiary entitled to take. No provision of the policies relates to this factual situation. What is provided is that if there is no "surviving beneficiary at the date of death of the insured, the proceeds shall be payable to the Owner or the executors or administrators of the Owner."
For practical purposes (by reason of the fact Helen A. Martin is alive) the situation here existant is exactly the same as it would be had no second beneficiary been designated. Even so, literally there was a "surviving" beneficiary (Helen A. Martin) at the date of the insured's death, in the sense that she was then (and now) still alive. On the other hand, in view of the fact that the law precludes her from taking, it is reasonable to conclude that even though she is living she has not survived as a beneficiary. Note that the language is significantly different than that applicable *285 to the right of the second beneficiaries to take.
Inasmuch as none of the other claimants are entitled to the proceeds of the policies and have no legal interest therein (and obviously, they do not revert to the insurer) we are convinced that the proceeds should be paid to the administrator of the estate of the insured, the Owner of the policies, and so hold. An order will be entered directing the Clerk to pay to Sue Ann Martin Voirol, as administratrix of the estate of Ronald A. Martin, the entire amount, including interest, remaining in the registry of the Court, upon furnishing proof that she is presently authorized to act as such and has complied with all requirements of the law as to furnishing bond in an amount sufficient to protect all interested parties in light of the amount for distribution.
The foregoing Memorandum and Order constitutes our findings of fact and Conclusions of Law.

JUDGMENT
The Court having this day entered its Memorandum Opinion embodying its findings of fact and conclusions of law,
NOW THEREFORE, in accordance therewith and for the reasons therein stated,
IT IS HEREBY ORDERED and ADJUDGED (1) that the claims of Helen A. Martin, Georgia Webb, Ronald A. Martin, Jr. and Richard A. Martin, Jr., by Shirley Schorege, as guardian of said minors, Sue Ann Martin Voirol, and Rebecca Martin, by Larry Church, as guardian of her Estate, and each of them, to the proceeds of insurance policies No. 78755612 and No. 79846066, heretofore deposited by plaintiff into the registry of the Court, be and the same are hereby respectively denied.
And (2) that the entire balance of said proceeds deposited by plaintiff into the registry of the Court, together with all interest thereon, be and the same is hereby awarded to Sue Ann Martin Voirol as administratrix of the Estate of Ronald A. Martin, Deceased, and the Clerk of this Court is hereby directed to pay her said amount upon her furnishing proof that she is currently authorized to act as such and has complied with all requirements of the law as to furnishing bond in an amount deemed by the Probate Court sufficient to protect all interested parties in light of the amount to be distributed to her.
NOTES
[1] We note that (according to the evidence) Georgia Webb was named as second beneficiary in Policy No. 79846066 on his premise that she would use the proceeds to take care of his youngest child. We certainly cannot speculate that had he known that Mrs. Webb would not be legally obligated to do so, he would nevertheless have named her unconditionally as second beneficiary.