**MISSOURI PUBLIC SERVICE COMPANY, Petitioner,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. 69055.

Supreme Court of Missouri, En Banc.

July 14, 1987.

Barry V. Cundiff, James C. Swearengen, Johnny K. Richardson, Jefferson City, for petitioner.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

Taxpayer appeals from a decision of the Administrative Hearing Commission upholding a use tax assessment of the Director of Revenue. The issue is whether a substance known as "Rolfite" is a "fuel" within the meaning of Section 144.030.2(1), RSMo 1986, and therefore exempt from use tax. As this case involves the construction of revenue laws in this State, we have jurisdiction. Mo. Const. art. V, sec. 3. The decision of the Administrative Hearing Commission is reversed.

**I.**

Taxpayer Missouri Public Service Company is a Missouri corporation engaged in the manufacture of electrical current sold at retail to its customers. Taxpayer operates a coal-fired generating plant at Sibley, Missouri. The basic electric generating process employed at the plant involves four steps: (1) Coal is burned in cyclone furnaces to heat water in boilers. (2) The heated water produces steam. (3) The steam drives turbines. (4) The turbines drive the generator which produces electric current.

Coal contains sulphur. In addition to producing heat, the combustion process also produces sulphur trioxide ($SO_3$), a form of sulphuric acid gas which poses several problems for taxpayer. First, the $SO_3$ fouls or plugs the air heater, reducing the generating capacity of the furnace. Second, the acid gas causes rear end corrosion in the boiler. Third, another product of the combustion process, fly ash, retains a high acid level so that water from the ponds where fly ash is held cannot be drained without violating Department of Natural Resources environmental regulations.

Rolfite is a suspension of magnesium oxide powder in No. 2 fuel oil. The product is 70 percent fuel oil by weight. Rolfite produces 13,500 British Thermal Units per pound when burned; coal produces 10,800 BTU's per pound. Taxpayer injects Rolfite into the coal fireball during the first step of the combustion process. The Rolfite is completely consumed in the fireball and, at least minimally, increases both the heat of the fireball and the amount of steam produced.

Rolfite neutralizes $SO_3$. Taxpayer uses Rolfite primarily to reduce air heater plugging, rear-end boiler corrosion and the acidity of the fly ash.

## II.

◼ Section 144.030.2(1) provides in pertinent part:

2. There are also specifically exempted from the provisions of sections ... 144.600 to 144.745 ["The Compensating Use Tax Law"] and from computation of the tax levy, assessed or payable under sections ... 144.600 to 144.745:

(1) The sale at retail of ... fuel to be consumed in manufacturing or creating gas, power, steam, electrical current or in furnishing water to be sold ultimately at retail....

Tax exemptions are strictly construed against the taxpayer. *King v. Franco,* 653 S.W.2d 259, 260 (Mo.App.1983).

Taxpayer argues that Rolfite is a fuel within the meaning of Section 144.030.2(1) and is therefore exempt from use tax taxation by the State. Respondent urges, and the Administrative Hearing Commission agreed, that taxpayer failed to prove that it purchased Rolfite as a fuel for use in manufacturing electricity. Consistent with this argument, Respondent contends that Rolfite is an "additive."

Respondent's argument proceeds from the assumption that it is the purpose for which taxpayer uses Rolfite and not its functional characteristics which determine whether Rolfite is a fuel within the meaning of Section 144.030.2(1). Respondent's assumption under these circumstances is incorrect.

◼ We do not find, and the parties have not provided, any instance in which the General Assembly has defined the word "fuel." In the absence of a statutory definition, we attribute to the words used in the statute their plain and ordinary meaning. *Sermchief v. Gonzales,* 660 S.W.2d 683, 688 (Mo. banc 1983). The plain and ordinary meaning is derived from the dictionary. *Beuchner v. Bond,* 650 S.W.2d 611, 613 (Mo. banc 1983). Webster's Third New International Dictionary (1966) defines "fuel" as a "material (as coal, coke, gas, oil, peat, wood) used to produce heat or power by burning; something that feeds fire...."

We have carefully reviewed the transcript of the proceedings before the Administrative Hearing Commission. There is no need to enter the ontological debate into which respondent invites us. The evidence before the Commission clearly reveals that Rolfite produces heat by burning. The evidence also reveals that the Rolfite is consumed in the process of manufacturing electrical current. Rolfite is therefore "a fuel to be consumed in manufacturing ... electrical current." Section 144.030.2(1). The fact that taxpayer employs the Rolfite primarily for other purposes does not change its essential functional characteristic; it is a fuel. Even strictly construing this tax exemption, we find that taxpayer's purchases of Rolfite are exempt from use tax pursuant to Section 144.030.2(1).

The decision of the Administrative Hearing Commission is reversed.

All concur.