ACCEPTED

CAUSE NO. 07-17-00379-CR

IN THE COURT OF APPEALS FOR THE SEVENTH
COURT OF APPEALS DISTRICT OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/5/2018 3:46:48 AM
VIVIAN LONG
CLERK

CHARLES BRANDON JOHNSON,
APPELLANT,

-vs-

THE STATE OF TEXAS,
APPELLEE.
_____

APPEAL IN CAUSE NUMBER 56,863-C FROM THE
89TH DISTRICT COURT OF WICHITA COUNTY, TEXAS

_____

APPELLANT'S BRIEF

_____

J. BRUCE HARRIS
Attorney at Law
900 8th Street, Suite 106
Wichita Falls, Texas 76301
Tel. (940) 723-2241
Fax. (940) 264-2274
E-Mail. bruceharrislaw@gmail.com

ORAL ARGUMENT IS NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

*Parties:*

1.    CHARLES BRANDON JOHNSON is an individual who currently resides in TDCJ Fort Stockton Unit, Pecos County, Texas.

2.    THE STATE OF TEXAS is a State within the United States of America.

*Counsel:*

1.    JAMES BRUCE HARRIS, attorney for Appellant on appeal, is an attorney licensed by the State Bar of Texas who practices law in Wichita County, Texas, and whose address is: 900 8th St., Ste. 106, Wichita Falls, Texas 76301.

2.    STEPHEN R. BJORDAMMEN, attorney for Appellant at trial, is an attorney licensed by the State Bar of Texas who practices law in Wichita County, Texas, and whose address is: 710 Lamar St., Ste. 440, Wichita Falls, Texas 76301.

3.    DOBIE KOSUB, attorney for Appellee at trial, and Assistant District Attorney for Wichita County, Texas is an attorney licensed by the State Bar of Texas.

4.    JENNIFER PONDER, attorney for Appellee on appeal is an attorney licensed by the State Bar of Texas and Assistant District Attorney for Wichita County, Texas, who practices law in Wichita County, Texas, and whose address is:  900 7th Street, Wichita Falls, Texas.

# TABLE OF CONTENTS

Identity of All Parties and Counsel…………………………………………………………..ii

Table of Contents…………………………………………………………...…iii-iv

Table of Authorities………………………………………………….…………..iv-v

Statement of the Case……………………………………………………….…..2

Statement Regarding Oral Argument……………………………………………...2

Issues Presented…………………………………………………………….......3

Statement of Facts……………………………………………………………4-9

      Background Facts…………………………………………………………….…4

      Proceedings Facts…………………………………………………….5-9

      Other Phases……………………………………………......................…9

Summary of the Argument………………………………………………….10

    Issue Presented Number 1

        A.     The Applicable Law In General…………………………...10-12

        B.     Application of the Facts to the Law……………......................13-14

        C.     Conclusion…………………………………………………14

    Issue Presented Number 2

        A.     The Applicable Law In General…………………………...15-17

        B.     Application of the Facts to the Law……………......................18-19

    C.        Conclusion……………………………………………………19-20

Issue Presented Number 3

    A.        The Applicable Law In General…………………………....….21-22

    B.        Application of the Facts to the Law…………….....................22

    C.        Conclusion…………………………………………………...23

Prayer for Relief……………………………………………………………..24

Certificate of Service……………………………………………….……25

Certificate of Compliance…………………………………………………..26

## TABLE OF AUTHORITIES

<u>CASES</u>                                                    <u>PAGE</u>

***BESSEY V. STATE,***
       239 S.W.3d 809 (Tex.Crim.App. 2007)…………………………………21

***EX PARTE WILLIAMS,***
       763 S.W.2d 674 (Tex.Crim.App. 1986)………………...…………..17

***GRAY V. STATE,***
       257 S.W.2d 825 (Tex.Ct.App. - Texarkana. 2006)…………………..10-14

***HELLMAN V. STATE,***
       815 S.W.2d 681 (Tex.Crim.App. 1991)……………………………..17, 19

***HUGHES V. STATE,***
       833 S.W.2d 137 (Tex.Crim.App. 1992)………….….……………….21

***KUYAYA V. STATE,***
       538 S.W.2d 627 (Tex.Crim.App. 1976)…………………………..10-11, 13

***SUMMERALL V. STATE,***
       504 S.W.2d 265 (Tex.Crim.App. 1974)………………………………16

*VANNORTRICK V. STATE,*
227 S.W.3d 706 (Tex.Crim.App. 2007)……………………………….22

| CONSTITUTIONS & STATUTES | PAGE |
|---|---|

**TEXAS CONSTITUTION**,

§ 10…………………………………………………….…16-17, 19

§ 13…………………………………………………….…16-17, 19

§ 19…………………………………………………….………16-17, 19

**TEXAS CODE OF CRIMINAL PROCEDURE**,

§ 1.15………………………………………………………………15

§ 26.13……………………………………………………10-11, 21

§ 26.13(a)(4)…………………………………………………..21

§ 26.13(b)…………………………………………………..10

**TEXAS RULES OF APPELLATE PROCEDURE**,

§ 44.2(b)……………………………………………………22

CAUSE NO. 07-17-00379-CR

IN THE COURT OF APPEALS FOR THE SEVENTH
COURT OF APPEALS DISTRICT OF TEXAS

CHARLES BRANDON JOHNSON,
APPELLANT,

-vs-

THE STATE OF TEXAS,
APPELLEE.
_____

APPEAL IN CAUSE NUMBER 56,863-C FROM THE
89TH DISTRICT COURT OF WICHITA COUNTY, TEXAS

_____

APPELLANT'S BRIEF

_____

TO THE HONORABLE JUDGES OF SAID COURT OF APPEALS:

*COMES NOW*, James Bruce Harris, court-appointed counsel to Defendant/Appellant Charles Brandon Johnson, hereinafter referred to as "Appellant," and submits this, the Appellant's Brief in Cause No. 56,863-C from the 89th District Court of Wichita County, Texas.

## STATEMENT OF THE CASE

Appellant was originally charged by indictment with one count of Aggravated Robbery in Cause No. 56,863-C which was pending in the 89th District Court of Wichita County, Texas, the Honorable Charles Barnard Presiding. (C.R. 6) On August 8, 2017, Appellant pled guilty to the jury. (R.R. Vol. III at 13). On August 10, 2017 the jury found defendant guilty and sentenced him to 40 years in TDCJ-ID. (R.R. Vol. V at 47-48; C.R. at 60-61).

Appellant timely filed a Notice for Appeal on September 13, 2017. (C.R. at 75)

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

### ISSUE PRESENTED NUMBER ONE

**The Court erred is accepting Appellant's plea of guilty because there was no finding that he was mentally competent to stand trial.**

### ISSUE PRESENTED NUMBER TWO

**The Court fundamentally erred by failing to inform Appellant, immediately before he testified, of his rights to remain silent in violation of the Texas Constitution.**

### ISSUE PRESENTED NUMBER THREE

**The Court erred in not admonishing Appellant regarding the possibility of deportation as required by the Texas Code of Criminal Procedure Article 26.13.**

## STATEMENT OF FACTS

### A.    Background Facts

On November 19, 2015, Appellant and his co-defendant walked into a local gun store, Texoma Armory, with the intent to steal guns. Appellant was armed with a "taser" while his co-defendant had a gun. The store's owner, Guy Barlow (Barlow), upon seeing Appellant's approach, shot Appellant in the stomach. A gun fight between Barlow and the co-defendant ensued and Barlow was shot several times. Appellant was arrested. (R.R. Vol. III-IV *et. seq.*)

After a brief investigation, which included various statements/confessions by Appellant, he was charged by indictment with one count of Aggravated Robbery on January 21, 2016 in Cause No. 56,863-C. (R.R. Ex. 88 and 89; C.R. 5-6).

On August 8, 2017, Appellant pled guilty to the jury. (R.R. Vol. III at 13). On August 10, 2017 the jury found defendant guilty and sentenced him to 40 years in TDCJ-ID. (R.R. Vol. V at 47-48; C.R. at 60-61).

Appellant timely filed a Notice for Appeal on September 13, 2017. (C.R. at 75)

B.    Proceedings Facts

The facts relevant to this appeal are few and encompass Appellant's plea of guilty and a very small amount of his testimony.

Upon presentment of the indictment by the State, the Appellant pled guilty.  As required, the Court immediately excused the jury. The State then requested the Court "admonish the Defendant pursuant to Article 26.13 of the Code of Criminal Procedure…" (R.R. Vol. III at 12-13). The following dialogue then took place:

> COURT: …Sir, my understanding is that you have pled guilty to Aggravated Robbery in Cause No. 56863, the State of Texas vs. Charles Brandon Johnson; is that correct?
>
> DEFENDANT: Yes sir.
>
> COURT: And did you plead guilty because you are guilty and for no other reason?
>
> DEFENDANT: I'm guilty sir.
>
> COURT: And I'll ask you if you understand the plea of guilty in this case?
>
> DEFENDANT: Yes sir.
>
> COURT: And you entered it freely and voluntarily and of your own free will; is that correct?
>
> DEFENDANT: Yes sir.
>
> COURT: Okay. And you understand that the range of punishment for aggravated robbery is life or 5 to 99 years and up and a $10,000 fine.

DEFENDANT: Yes sir.

COURT: And you understand that if you decide to testify, you understand that you have the right to testify?

DEFENDANT: Yes sir.

COURT: You understand that you have – you have the right to remain silent, that anything you say can and will be used against you in this court of law?

DEFENDANT: Yes sir.

COURT: Anything further regarding the admonishments?

STATE: <asks for further inquiry>

COURT: Sir, do you feel that you need any more time to consult with your attorney concerning your plea of guilty? You understand if you go forward with the plea of guilty, then we will begin – we will call the jury back in and we will begin with the sentencing stage of the trial? Do you understand that?

DEFENDANT: Yes sir.

COURT: Okay. And do you still wish to proceed with your plea of guilty and begin with the sentencing stage?

DEFENDANT: Proceed.

COURT: Okay.

STATE: Thank you, Judge.


This ended the plea admonishments. (R.R. Vol. III at 13-17).

Shortly thereafter, the State entered into evidence a Stipulation of Evidence wherein the Appellant admitted he committed the offense, tracking the language of the Indictment. It was silent as to any admonishment, mental competency or waiver of rights outside the stipulation itself. (R.R. Vol. III at 18-19; R.R. Ex. 94)). The State than presented several witnesses and entered nearly 100 pieces of evidence. (R.R. Vol. III *et. seq.*; R.R. *et. seq.*)

Appellant was the first witness called in his defense. After announcing ready, and Appellant being called, the Court asked the parties to approach the bench. The following dialogue took place:

> COURT: I have to admonish him –
>
> STATE: Yeah.
>
> COURT: -- this witness outside the presence of the jury.
>
> STATE: I would appreciate it if you would, Your Honor.
>
> DEFENSE COUNSEL: I certainly – if the Court feels that that is the right thing to do, that's fine. I – I intend to go through with him that he did not have to testify and – and why don't you just let me do that and if there's something that I didn't go over, I think –
>
> STATE: I will be fine with that.
>
> COURT: Okay. Thank you.

Defense counsel then began questioning Appellant regarding his right to not testify and the fact they discussed what a waiver of that right meant. The

Court again called the parties to the bench. There an in depth discussion took place:

> COURT: Okay. I – I feel comfortable with that.
>
> STATE: Yeah.
>
> DEFENSE COUNSEL: Are you okay?
>
> STATE: Okay.
>
> COURT: Okay. Good. Thank you.

This ended the admonishment of Appellant. (R.R. Vol. IV at 12-13).

Appellant then testified. Most of his testimony is irrelevant to this appeal and will be excluded. Relevant testimony included that he was born on November 29, 1992 "at" El Paso, moved to Wichita Falls at two-months old where he spent most of his life and was raised by his maternal grandparents (R.R. Vol. IV at 6, 10-11, 85-86).

The State also offered two misdemeanor judgments of Appellant's into evidence however they did not offer the corresponding plea paperwork for either case. Each judgment was silent to a finding of US citizenship. (R.R. Ex. 92 and 93).

Finally, a review of the "Judgment of Conviction By Jury; Sentence By Jury To Institutional Division, TDCJ (Judgment)" in this case showed no

finding of mental competency nor was there mention of Appellant's immigration/citizenship status. (C.R. 60-61).

C.      Other Phases

Appellant has reviewed the record of voir dire, opening statements, the jury charge and conference, closing statements, and the evidence admitted and finds nothing that merits appeal, other than was is discussed herein. (R.R. Vol II-VII *et seq*.; R.R. Ex. et. seq.; C.R. et. seq.)

## SUMMARY OF ARGUMENT

## ARGUMENT

## Issue Presented Number One Restated

**The Court erred is accepting Appellant's plea of guilty because there was no finding that he was mentally competent to stand trial.**

A.    *The Applicable Law in General*

The Texas Code of Criminal Procedure (C.C.P.) prohibits a trial court from accepting a guilty plea "unless it appears that the defendant is mentally competent…" *See* Tex. Code Crim. Proc. Ann. Art. 26.13(b)[1].

Generally, under Article 26.13, a court does not have to make an inquiry *sua sponte*, or hear evidence on such issue, unless issue is made of an accused's present mental competency at the time of the plea. *See Gray v. State*, 257 S.W.2d 825, 827-828 (Tex.App,-Texarkana 2006); *see also Kuyaya v. State*, 538 S.W.2d 627,628 (Tex.Crim.App. 1976). This is particularly true where a court has had the opportunity to observe the accused in open court, hear him speak, observe his demeanor and engage

---

[1] C.C.P. Art. 26.13(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

him in colloquy[2] as to the voluntariness of his plea. *See Summerall v. State*, 514 S.W.2d 265 (Tex.Cr.App. 1974)

In *Kuyaya*, while there was no inquiry at the time of the guilty plea as to the mental competency, the court made an explicit finding in the judgment that the defendant was mentally competent ("…and it plainly appearing to the Court that the Defendant is sane…").[3]

Finally, and most importantly, the Court of Criminal Appeals urged that it is "the better practice…for the trial court to inquire into the mental competency of the defendant whether the issue is raised or not.[4] *Kuyaya* at 628.

In *Gray*, the Court held that it did not even need to decide whether the mental competency issue was sufficiently raised because the record reflected that it had made an inquiry. Specifically, it noted the following exchanges before the court accepted the defendant's open plea of guilty.

---

[2] Colloquy is defined in the Merriam-Webster Dictionary as a ***high-level serious discussion*** or a conversation.

[3] Article 26.13, as enacted as a part of the 1965 Code of Criminal Procedure and its forerunners, provided that a plea of guilty or nolo contender should not be received unless "it plainly appears that he is sane." However, in 1973 the statute was amended to provide that such pleas should not be taken "unless it plainly appears that he is mentally competent."

[4] It should be noted this "better practice" was set out by the highest criminal appellate court of our state **42 years ago**.

11

COURT: Before signing any of these papers, did you sit down with your attorney, Mr. Clement Dunn, and did he go over the papers with you?

DEFENDANT: Yes sir.

COURT: Did you understand them when you signed them?

DEFENDANT: Yes sir.

COURT: In your words, just tell me what you're doing in court here today.

DEFENDANT: I'm pleading guilty to the offense.

COURT: And what defense is that?

DEFENDANT: Sexual assault.

COURT: All right. It's aggravated sexual assault.

DEFENDANT: Aggravated sexual assault.

***COURT: Mr. Dunn, talk to me about your judgement as to your client's mental competency.***

***DEFENSE COUNSEL: Your Honor, I've spoken with my client a number of times. I have spoken with his mother on a number of occasions…I have found him to be able to understand me. And we have been able to converse such that I'm satisfied that he understands what he is doing.***

Finally, the Court found that the above quoted exchanges between the trial court and both the defendant and his counsel were sufficient to constitute an informal inquiry into the defendant's competence. *Gray* at 828-829.

12

*B.*     *Application of the Law to the Facts*

This case is distinguishable from *Kuyaya* and its progeny, including *Gray*.

In *Kuyaya*, there was no inquiry into the mental competence of the defendant but there was finding of mental competence in the judgment. Additionally, the Court reasoned that the Court had opportunity to observe the defendant in court, hear him speak, and engage him in "colloquy." Here, as in *Kuyaya*, the court did not inquire into the mental competence of Appellant, however, there was no finding in Appellant's Judgment or Stipulation of Evidence that he was mentally competent. (C.R. 60-61; R.R. Ex. 92, 93 and 94). Additionally, the record is sparse regarding how much the court had observed Appellant before accepting his plea. At the time it had only been for a couple of hours through *voir dire* and opening statements. Finally, it can hardly say the court and Appellant entered into a serious high-level conversation (a "colloquy"). The Court asked Appellant nine questions, none of which were regarding his mental competency. Appellant answered "yes, sir" seven times, "proceed," and "I'm guilty sir." (R.R. Vol. III at 12-17). Not very in depth dialogue that can be said to elicit communicative ability and mental competence.

*Gray* is also distinguishable. In *Gray*, unlike here, the court entered into a conversation with the defendant, asking him open ended questions. In *Gray*, the court also questioned defense counsel regarding his opinion of his client's competency which was not done here. Finally, the court here made no finding of competence unlike in *Gray*. (R.R. Vol. III at 12-17).

C.     *Conclusion*

The court did not follow the law when it accepted Appellant's plea of guilty. It definitely cannot be said that the court entered into a colloquy with Appellant as nine closed-ended questions eliciting two and three word answers do not equal a serious high-level conversation. A simple inquiry into defense counsel's opinion of Appellant's mental competence would have satisfied the law but that wasn't even done.

Even more egregious the trial court made no inquiry into the mental competency to enter his guilty plea and it made no finding of such competency. The "better practice," as set out by the Court of Criminal Appeals 42 years ago was not followed in this case. Do we need to wait another 42 for the "better practice" to be implemented by the judicial system?

## Issue Presented Number Two

**The Court fundamentally erred by failing to inform Appellant, immediately before he testified, of his rights to remain silent in violation of the Texas Constitution.**

A.    *The Applicable Law in General*

In Texas, a guilty plea before the court is insufficient to support an adjudication of guilt in a felony case. Tex. Code Crim. Pro. Ann. Art. 1.15 (Vernon Supp. 1993)[5]. The State must also introduce evidence into the record showing the accused's guilt and this evidence shall form the basis of the trial court's judgment in the case. Id. In some instances, the defendant himself testifies as to his guilt, thus providing the necessary evidence to

---

[5] Art. 1.15. JURY IN FELONY. No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

15

support his plea. In those cases, Article I, Sections 10[6], 13[7], and 19[8] of the Texas Constitution must require that a trial judge carefully inform the defendant of his right not to incriminate himself AFTER the accused has pled guilty and BEFORE he takes the stand as a witness. Such an admonishment would comport with the Texas Constitution's requirements that an accused not be required to give evidence against himself and that he

[6] Sec. 10. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide; and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army or navy, or in the militia, when in actual service in time of war or public danger.

[7] Sec. 13. EXCESSIVE BAIL OR FINES; CRUEL OR UNUSUAL PUNISHMENT; OPEN COURTS; REMEDY BY DUE COURSE OF LAW. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

[8] Sec. 19. DEPRIVATION OF LIFE, LIBERTY, PROPERTY, ETC. BY DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

16

be tried in accordance with "due course of law." *See* Tex.Const. Art. I, Secs. 10, 13, & 19.

Texas courts have long acknowledged that "our state constitution is a doctrine independent of the federal constitution and its guarantees are not dependent upon those in the federal constitution. *See Hellman v. State*, 815 S.W.2d 681, 688 (Tex.Crim.App. 1991). In *Hellman*, the Court of Criminal Appeals declined to "blindly follow" United States Supreme Court decisions interpreting searches and seizures under the 14th Amendment analyzing the same issue under Art. I, Secs. 10, 13, & 19 of the Texas Constitution. *Id*. at 690. Although Supreme Court decisions represent the minimum protections a state must afford its citizens states may also provide individuals additional rights.

Our state constitution is more protective of these rights than the federal constitution because a guilty plea before a Texas state court is insufficient to support a conviction in a felony case. In federal court, however, a guilty plea alone will support a conviction. *See Ex parte Williams*, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986).

*B.*     *Application of the Law to the Facts*

Appellant was not admonished by the trial court prior to testifying. It is true he testified regarding understanding his rights but it was by his attorney and not the court. Initially, both the court and the state's attorney began to follow "due course of law" and admonish Appellant regarding testifying. Remember --

After announcing ready, and Appellant being called, the Court asked the parties to approach the bench. The following dialogue took place:

COURT: I have to admonish him –

STATE: Yeah.

COURT: -- this witness outside the presence of the jury.

STATE: I would appreciate it if you would, Your Honor.

DEFENSE COUNSEL: I certainly – if the Court feels that that is the right thing to do, that's fine. I – I intend to go through with him that he did not have to testify and – and why don't you just let me do that and if there's something that I didn't go over, I think –

STATE: I will be fine with that.

COURT: Okay. Thank you.

Defense counsel then began questioning Appellant regarding his right to not testify and the fact they discussed what a waiver of that

right meant. The Court again called the parties to the bench. Their in depth discussion took place as follows:

COURT: Okay. I – I feel comfortable with that.

STATE: Yeah.

DEFENSE COUNSEL: Are you okay?

STATE: Okay.

COURT: Okay. Good. Thank you.

Unfortunately, they were talked down by defense counsel. (R.R. Vol. IV at 12-13).

C.    *Conclusion*

The reasoning used in *Hellman* should be applied to the Fifth Amendment and the privilege against self-incrimination and the right to be tried in accordance with due course of law of Art. I, Secs. 10, 13 & 19 of the Texas Constitution. Our state constitution is more protective of these rights than the federal constitution because a guilty plea before a Texas state court is insufficient to support a conviction in a felony case. In federal court, however, a guilty plea alone will support a conviction.

Defense counsel is an advocate for his or her client. The duty to the client is so pervasive that it make them solely focused on that client. A trial court, sitting as a neutral authority over the case, is focused on the law, in general, and as it intertwines with the facts of the case. It is that judicial authority that a defendant will take heed from when admonished prior to its

testimony. It is that last gate-keeper of the constitution, of the law, that can deliver a final warning to the defendant. Allowing defense counsel to deliver the admonishment is not "due course of law."[9]

Therefore, the Court should require trial courts to admonish defendants of their right to remain silent prior to their testimony. Finding the court erred herein would embolden trial by "due course of law" guaranteed us by the Texas Constitution

---

[9] When a soccer player gets a yellow card does it rely on its agent to guide them on what might keep him from getting a red card and kicked out of the match? No, he pays attention to the official and what they have to say about his actions on the field.

**The Court erred in not admonishing Appellant regarding the possibility of deportation as required by the Texas Code of Criminal Procedure Article 26.13.**

A.     *The Applicable Law in General*

Texas Code of Criminal Procedure Art. 26.13 requires that the trial court admonish the defendant of the direct consequences of his guilty plea before accepting the plea. Section 4 of said Article requires that a defendant be admonished that "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contender for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law…" *See* Tex. Code Crim. Pro. Art. 2613(a)(4).

Compliance with the admonishments is C.C.P. Art. 26.13 is mandatory. *See Hughes v. State*, 833 S.W.2d 137 (Tex.Crim.App. 1992).

Because the C.C.P. Art. 26.13 admonishments are a waivable-only right, a defendant can raise the issue for the first time on appeal without having made an objection or raising the issue at trial. Such error is subject to a harm analysis. *See Bessey v. State*, 239 S.W.3d 809 (Tex.Crim.App. 2007).

That said, the Court of Criminal Appeals has held that "when the trial court fails to admonish a defendant about the immigration consequences of his guilty plea, a silent record on citizenship, or a record that is insufficient to determine citizenship, **establishes harm**.[10] *See Vannortrick v. State*, 227 S.W.3d 706, 714 (Tex.Crim.App. 2007).

B.      *Application of the Law to the Facts*

The facts, as applied to the law herein, are simple.

Appellant was not admonished regarding immigration consequences of his guilty plea. The court's attempt at admonishing Appellant did not include inquiry into his citizenship status, nor did it advise him of the consequences if he wasn't a US citizen. (R.R. Vol. III at 12-13).

Additionally, the record was silent, or at least insufficient, regarding whether or not he was a US citizen. Appellant did testify that he was born "at" El Paso but that hardly proves citizenship status. (R.R. Vol. IV at 6, 10-11, 85-86). Furthermore, numerous legal documents were entered into evidence, none of which referred to Appellant's citizen status. (R.R. Ex. 92, 93 and 94). Additionally, the Judgment in the case was silent to citizenship status. (C.R. at 60-61)

---

[10] Under the standard of T.R.A.P. 44.2(b).

*C.* *Conclusion*

Appellant was not properly admonished as required under Article 26.13. The court did not admonish Appellant regarding the immigration consequences of his guilty plea.

While one can argue that the record is silent on Appellant's citizenship status, some might surmise that Appellant is a US citizen. However, conjecture and supposition is not sufficient to determine citizenship. For the reasons stated above, and the law cited, harm has been established and the court must reverse.

## PRAYER FOR RELIEF

For the reasons and the points of error set forth herein and upon the authority herein the Appellant, requests that his issues on appeal be sustained, his sentence vacated, and his case be remanded to the trial court for further proceedings or judgment be rendered. Appellant additionally prays for such other and further relief to which he may be entitled.

Respectfully submitted,


_/s/ *Jas. Bruce Harris*_____
JAS. BRUCE HARRIS
State Bar No. 24026926
900 8th Street, Ste. 106
Wichita Falls, Texas 76301
TEL: (940) 723-2241
FAX: (940) 264-2274

ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

I, James Bruce Harris, certify that on June 5, 2018, a true copy of this brief has been served upon the following persons in the following manners:

1.      Jennifer Ponder, Assistant District Attorney, Wichita Co., Texas by email at Jennifer.ponder@co.wichita.tx.us

/s/ *Jas. Bruce Harris*_____
JAS. BRUCE HARRIS

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitations of Tex. R. App. 9.4(i)(2) because it contains approximately 3653 words, excluding the parts of the brief exempted by Tex. R. App. 9.4(j)(1)

2. The electronic copy of this brief complies with Tex. R. App. 9.4(i)(1) because it has been directly converted from Microsoft Word into a searchable document in Portable Document File (PDF) format.

/s/ *Jas. Bruce Harris*_____
JAS. BRUCE HARRIS